Filed 3/5/24  P. v. Pettis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MILTON ALLEN PETTIS,<br><br>    Defendant and Appellant. | D082450<br><br><br><br>(Super. Ct. No. SCN192841) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed as modified.

Heather L. Beugen, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Milton Allen Pettis of conspiring to commit murder. (Pen. Code,[1] §§ 182, subd. (a)(1), 187, subd. (a).)  The Court found that Pettis

---

[1]    Future undesignated statutory references are to the Penal Code.

committed the offense for the benefit of a gang (§ 186.22, subd. (b)(1)) and sentenced Pettis to an indeterminate term of 25 years to life for the conspiracy to commit murder, plus 10 years for the gang enhancement. The court stayed the enhancement.

Pettis appeals, contending the 10-year gang enhancement should be deleted. We agree and direct the judgment to be modified accordingly. As modified, the judgment is affirmed.

## BACKGROUND

Pettis is a member of the Deep Valley Crip gang.[2] He conspired with other members of his gang to murder members of a rival gang in 2004 and 2005. The People charged Pettis with conspiracy to commit murder. A jury convicted Pettis in 2007 and the court sentenced him to an indeterminate term of 25 years to life and imposed but stayed an additional 10-year term under section 186.22, subdivision (b)(1). Pettis sought resentencing under section 1172.6 but was unsuccessful. He now appeals asserting the 10-year gang enhancement is unlawful and necessitates modification of the abstract of judgment. The People concede this sentencing error.

## DISCUSSION

As part of Pettis's sentence, the court imposed a 10-year gang enhancement under section 186.22, subdivision (b)(1). This was error. A conspiracy to commit murder carries the same punishment for first degree murder. (§§ 182, 190, subd. (a).) Because Pettis's conspiracy to commit murder conviction "is a violent felony that is punishable by imprisonment in the state prison for life," it is "not subject to a 10-year enhancement under section 186.22(b)(1)(C)." (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004

---

[2]     We provide an abbreviated summary of the facts because they are not relevant to the issue on appeal.

2

(*Lopez*).) Instead, subdivision (b)(5) applies to impose a minimum term of 15 years before the defendant can be considered for parole. (*Id.* at pp. 1005– 1011; see *People v. Ortiz* (1997) 57 Cal.App.4th 480, 485–486; § 186.22, subd. (b)(5).) The People concede that the court erred and do not oppose modification of the sentence. We agree that modification is appropriate. The sentence is therefore modified as follows: the 10-year gang enhancement is vacated and a 15-year minimum parole eligibility term under section 186.22 subdivision (b)(5) is imposed instead. (*Lopez,* at pp. 1004, 1011.)

DISPOSITION

The sentence on the 10-year gang enhancement is vacated and a 15-year minimum parole eligibility term under section 186.22, subdivision (b)(5) is imposed instead. The court is directed to prepare a corrected abstract of judgment reflecting the defendant's sentence as modified and to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.